**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4519

MICHAEL LEON JONES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-00-75)

Submitted: October 24, 2001

Decided: December 17, 2001

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard C. Kerns, Newport News, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Matthew W. Hoffman, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Leon Jones appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), contending the district court should have granted his motion to suppress his confession because it was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

We review whether circumstances create a custodial situation requiring *Miranda* warnings de novo and review the factual findings surrounding the interrogation under the clearly erroneous standard. *United States v. Sullivan*, 138 F.3d 126, 131 (4th Cir. 1998). When a suppression motion has been denied, we construe the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

*Miranda* warnings are required when an individual is subjected to custodial interrogation, and any statements made in the absence of prior *Miranda* warnings are inadmissible. *United States v. Leshuk*, 65 F.3d 1105, 1108 (4th Cir. 1995). A suspect is in custody if he has been formally arrested or questioned under circumstances in which his freedom of action is curtailed to the degree associated with formal arrest. *Id.* An officer may conduct a brief investigative stop if the police officer has a reasonable suspicion based on specific and articulable facts that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). *Miranda* warnings are not required when a person is questioned during a routine traffic stop or a *Terry* stop. *Leshuk*, 65 F.3d at 1108.

Officers who are conducting a lawful *Terry* stop may take steps reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop. *United States v. Hensley*, 469 U.S. 221, 235 (1985). A brief but complete restriction of liberty is valid under *Terry*. *United States v. Moore*, 817 F.2d 1105, 1108 (4th Cir. 1987). Neither use of drawn weapons nor briefly handcuffing the suspect necessarily converts a stop into an arrest. *See United States v. Sinclair*, 983 F.2d 598, 602 (4th Cir. 1993); *United States v. Crittendon*, 883 F.2d 326, 328 (4th Cir. 1989).

Because custody and interrogation were lacking while Jones was detained pursuant to a lawful *Terry* stop, no *Miranda* warnings were required. *See Leshuk*, 65 F.3d at 1108; *Sullivan*, 138 F.3d at 131. We find the district court did not err in declining to suppress Jones' voluntary statements regarding his ownership of the weapon. Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*